CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar Number 14853
K. NICHOLAS PORTZ
Nevada Bar Number 12473
Special Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Email: nick.portz@usdoj.gov

*Attorneys for the United States of America*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:21-cr-00156-JCM-VCF |
| Plaintiff, | **STIPULATION FOR A PROTECTIVE ORDER** |
| vs. | |
| TREVION DARNELL MITCHELL, aka: TAVION MITCHELL, | |
| Defendant. | |

The parties, by and through the undersigned, respectfully request that the Court issue an order protecting from disclosure to the public, or any third party not directly related to this case, any data, documents, recordings, communications or other tangible things produced by the government's disclosure of a Cellebrite Universal Forensic Extraction Device (UFED) report as discovery in this case. The parties state as follows:

1. The indictment in this case issued on June 2, 2021.

2. Trial is currently scheduled for December 13, 2021. The Office of the Federal Public Defender was appointed to this case on June 9, 2021. Assistant Federal Public Defender Monique N. Kirtley filed her notice of appearance on June 11, 2021.

3.     The indictment in this case arises out of an arrest stemming from a domestic violence incident and kidnapping of a female victim, K.M., who had been in a domestic relationship with the Defendant.  The discovery in this case includes a Cellebrite Universal Forensic Extraction Device (UFED) report containing a full digital download of K.M.'s phone, including all audio, video, photograph, and messaging data contained on the device.  The UFED report therefore contains extensive amount of personal identifying information of the victim, K.M., and other data personal to K.M. and irrelevant to the case at hand.  The UFED Report also contains identifying information including addresses and telephone numbers of persons listed as "contacts" in K.M.'s cellular device.  While most of the data contained within the device is irrelevant to the case at hand, it is being turned over to the defense out of an abundance of caution by the government.  The release of such information to the public or third parties not involved in the case could endanger the privacy of K.M. and other individuals and also subject them to potential misuse of their identities. This confidential personal identifying information is referred to here as the "Protected Information."

4.     In order to protect the privacy of the individuals referenced in the discovery, the parties intend to restrict access to the following individuals: attorneys for all parties, and any personnel that the attorneys for all parties consider necessary to assist in performing that attorney's duties in the prosecution or defense of this case, including investigators, paralegals, retained experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

5.     The Covered Individuals shall be advised of the Protective Order, and, without leave of the Court, the Covered Individuals shall not:

    a.  make copies for, or allow copies of any kind to be made by any other person of the Protected Information in this case or the UFED report, specifically the full digital

                download of K.M.'s phone, including all audio, video, photograph, and messaging data contained on the device;

    b. allow any other person to read, listen, or otherwise review the Protected Information or the UFED report in this case;

    c. use the Protected Information or the UFED report for any purpose other than preparing to defend against or prosecute the charges in the Indictment for any purpose or any further superseding indictment arising out of this case; or

    d. attach any Protected Information or the UFED report to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal or properly compliant with LR IC 6-1.

6. Defendant shall only be permitted to review the Protected Information or portions of the UFED report relevant to his defense in the presence of defense counsel who shall retain exclusive possession of the Protected Information and the UFED report. Defense counsel will ensure that any discovery derived from the UFED report that is left with Defendant is fully redacted of any Protected Information and only contains material relevant to the defense of the federal case.

7. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Information or the UFED report as evidence at trial or support in motion practice.

8. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

9. The parties reserve the right to seek to modify the terms of this protective order at a later time pursuant to Federal Rule of Criminal Procedure 16(d)(1). Should a reasonable need for this protective order cease to exist, on grounds other than a Covered Individual or some other

person violating or circumventing its terms, the Government will move expeditiously for its dissolution.

10. The defense hereby stipulates to this protective order.

DATED: July 28, 2021

Respectfully submitted,

CHRISTOPHER CHIOU
Acting United States Attorney

/s/ K. Nicholas Portz

K. NICHOLAS PORTZ
Special Assistant United States Attorney

*Attorneys for the United States of America*

For the Defense:

/s/ Monique N. Kirtley

MONIQUE N. KIRTLEY
Assistant Federal Public Defender

*Attorney for Defendant TREVION DARNELL MITCHELL*

IT IS SO ORDERED:

_____
HONORABLE CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

8-5-2021
Date

4