UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-CR-156 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| TREVION DARNELL MITCHELL, | |
| Defendant(s). | |

Presently before the court is the United States of America (the "government")'s motion to continue sentencing. (ECF No. 102). Also before the court is attorney Sunethra Muralidhara's motion to withdraw. (ECF No. 101).

I.      **INTRODUCTION**

Defendant Trevion Darnell Mitchell ("defendant") pleaded guilty to count one of the indictment in this matter on April 21, 2023, without the benefit of a plea agreement. (ECF No. 97). Sentencing is currently scheduled for July 21, 2023. (*Id.*). Defendant's counsel subsequently withdrew, and on June 2, 2023, Ms. Muralidhara—defendant's seventh counsel of record—was appointed to represent defendant pursuant to the Criminal Justice Act. (ECF Nos. 99, 100).

The change in defendant's counsel has delayed the completion of the presentence report ("PSR") because the United States Probation Office ("USPO") has been unable to interview the defendant. (ECF No. 102). Pursuant to the Federal Rules of Criminal Procedure, the PSR must be served on defendant at least 35 days prior to sentencing to allow for time to review and make objections to any content therein. Fed. R. Crim. P. 32. The government thus moves to continue the sentencing to allow time for the USPO to interview defendant—with counsel's advice—in order to complete the PSR and timely serve the PSR before sentencing. (ECF No. 102).

**James C. Mahan**
**U.S. District Judge**

Defendant opposes a continuance, or at most, agrees to only a 60-day continuance. (ECF No. 101). Ms. Muralidhara has thoroughly advised defendant that any counsel he has will need time to review his matter and adequately prepare him for the PSR interview, and a continuance is necessary. (*Id.*). Moreover, Ms. Muralidhara's caseload and other obligations preclude her availability until mid-November. (*Id.*).

Finally, defendant also has a pending criminal charge in state court set to go to trial on June 26, 2023. (*Id.*). If convicted, his sentence there could potentially overlap with the sentence given in this court.

## II.   LEGAL STANDARD

When deciding to grant a continuance, the Ninth Circuit considers (i) the moving party's diligence in preparing for the hearing; (ii) whether the need for a continuance is met by such continuance; (iii) inconvenience to the opposing party and the court; and (iv) potential harm in the absence of a continuance. *See U.S. v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985). The factors are considered holistically, and the weight afforded to each one is within the discretion of the court. *Id.*

Local Rule IA 11-6(e) provides that "[e]xcept for good cause shown, no withdrawal or substitution [of counsel] will be approved if it will result in delay of discovery, the trial, or any hearing in the case."

## III.   DISCUSSION

The government seeks a continuance because the USPO has been unable to interview defendant and complete the PSR. (ECF No. 102). The USPO is required to give defendant's counsel reasonable opportunity to attend the interview upon request. Fed. R. Crim. P. 32(c)(2). Because defendant was granted new counsel between his guilty plea and the sentencing, there has been a delay in conducting the interview in compliance with the Federal Rules of Criminal Procedure.

The status of defendant's counsel and completion of the PSR is not the responsibility of the government; it is not the government's lack of diligence that necessitates a continuance. Further, a continuance would enable defense counsel to prepare for defendant's interview and attend same. While defendant opposes a continuance, Ms. Muralidhara asserts that there are minimal, if any, legal grounds as to why it would be inconvenient or prejudicial. Indeed, the only potential prejudice presented is the possibility that—if convicted in state court—overlap of

James C. Mahan
U.S. District Judge

- 2 -

concurrent sentences would be delayed and thus extend defendant's incarceration. However, this can be addressed and mitigated at the subsequent sentencing. Thus, the *Flynt* factors support granting a continuance. *See Flynt*, 756 F.2d at 1359.

Ms. Muralidhara seeks to withdraw as counsel only insofar as it minimizes any delay of defendant's sentencing hearing; she asserts that she is willing and able to represent defendant otherwise. (ECF No. 101). Any substitution of counsel at this point would not guarantee a quicker sentencing. Like Ms. Muralidhara, new counsel would also have a caseload and scheduling conflicts to work around, as well as the need to review all relevant materials in this matter. In short, substituting counsel does not negate the need for a continuance. Thus, the court finds that Ms. Muralidhara's continued representation of defendant does not cause delay and no good cause for withdrawal or substitution is present. *See* LR IA 11-6(e).

### IV. CONCLUSION

Accordingly,

It is hereby ORDERED, ADJUDGED, and DECREED that the government's motion to continue (ECF No. 102) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Ms. Muralidhara's motion to withdraw (ECF No. 101) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the sentencing is CONTINUED and set for December 15, 2023, at 10:00 AM.

DATED June 16, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -